Good afternoon, Your Honors, and may it please the Court. My name is Joe Van Asten, and I'm here today on behalf of Ms. Veronica Lemus Contreras. Bring us up to date on what's taking place in the custody proceeding in Mexico. Do you have any information on that? I don't have any information on the custody proceeding. The last I heard is it had stalled because of some requirement, at least according to Ms. Lemus's testimony, of a $20,000 or 20,000 peso, I don't know if you would call it a bond or what the right term would be under Mexican law. But my understanding is it has stalled, and to my knowledge, nothing further has happened. Ms. Lemus is before this Court today because the district court failed to recognize the grave risk of physical and psychological abuse the child faced, presented by the appellee's sustained pattern of domestic abuse and propensity towards violence. What standard of review do we apply to that? These errors that we're talking about here today are legal errors, and they should be reviewed de novo, Your Honor. In reaching its holding, the district court made two legal errors. First, the district court applied an improper objective evidence standard that required Ms. Lemus to present a particular type of evidence that she was not required to present. Second, the district court also imposed a heightened standard requiring evidence that the child himself had been physically abused. Along that line, what, if any, weight can we give the explanation by the district judge in denying a stay in which he said he considered all the evidence and the fact that the child had not been abused was just one item? Respectfully, Your Honor, I think what the district judge said was that he did consider the evidence of the testimony of the children, but that without the more pertinent issue was physical abuse to the child himself, and without more, it did not establish that there was a grave risk to the child. In addition, in the findings of fact and conclusions of law, the district judge said, made a separate finding that Ms. Lemus did not provide any evidence that the petitioner abused or neglected the child himself. As in Walsh and as in Van de Sand, it appears that the district judge may have been unduly influenced by this notion that there needed to be physical abuse to the child in order to find a grave risk, and at a minimum that he underestimated the risks posed to children being around domestic abuse. It seemed unrebutted, though, that the child testified that he enjoyed time with his father. That impliedly would suggest the factual finding that he made between the two warring parents. There was no specific finding about whether the child had a fear of his father. There was testimony that when his parents fought, the child was afraid. Asked later on in cross-examination, there was a question about whether or not the child smiled at his father and whether or not the child enjoyed hanging out with his father. That particular line of questioning went to whether or not the child was mature enough under the mature child defense, but there was no specific finding that the child had no fear of his father. Is your — the thrust of your argument is grave risk because violence by spousal abuse could also, under the law, mean risk to child? Or is your argument grave risk to child because psychological abuse was shown here and never found against by the district court? Well, I think it's both. Which is — which do you think was more convincing as to your — as to this situation? I think, for sure, the sustained decade-and-a-half pattern of domestic abuse that led not only to our client being — being attacked and abused, but led to one of his other children being attacked, led to multiple family members being attacked, demonstrating that there is — he — his violence knows no bounds, whether it's men or women, adult or children. That sort of propensity towards violence absolutely demonstrates a grave risk of harm to a child. Back to my first point on the objective evidence standard. The district court filed its findings of fact and conclusions of law. You have — the — the appellee gave a definition of objective evidence. I don't recall your doing so. How do you define objective evidence? Well, the — the — I think what's most important is the district court doesn't seem to apply or — That wasn't my question. I ask you, how do you define objective evidence? I think in this case, based on what appellee argued in their closing briefs at the — to the trial court, most likely objective evidence meant something akin to corroborating evidence beyond the testimony of Miss Lemus and — and the appellee. But that would be then he would have been correct, right? He has two disagreeing statements from witnesses, husband, wife, both saying, it's my personal opinion, disagreeing. And he says, well, neither one is objective, and therefore you lose because the burden of proof is on you to show the risk to the child. I would — I would posit that there's two issues with what the judge said there. The first is that it's — it's not correct, that those are the only two bits of evidence that — that were around. There were three other witnesses that testified. The child himself said, I enjoy time with my dad. The child also testified that he saw his father strike his mother. Saw. What case do you have, any case under this convention, that says spousal abuse requires a finding of risk to the child because the child happened to witness the abuse? I don't think a — that requires. That one instance of — of a child witnessing spousal abuse requires that — a finding of grave risk. I guess I'll tell you how I simplify it, and you can — because it'll help you to dis — disabuse me of this. It seems like just a really difficult credibility call, one spouse, another spouse, as to violence among them. No one testifying that children's — this child's been hurt. The child gets on the stand and says, no, at most I saw them fighting or their violence or his violence to her. That's hard for me to say you've met your burden. Was it clear and convincing evidence? That's correct. Risk to child. There are four other circuits that have found that that sort of evidence absolutely can lead to a finding of grave risk. Could be, but doesn't have to be. Certainly. And I don't think we're trying to argue that it has to be. Under all circumstances, we are arguing that it is possible. If you got the law right, you wouldn't — you wouldn't be able to show clear and convincing — you wouldn't be able to show clear error. If this were just a fact-specific finding as — as to risk to the child, you have to establish that there was a legal error, correct? Correct. Okay. And we think there is a legal error here. First, in that we were required to put forth objective evidence, which is something that — there is nothing under the Hague Convention or any other circuit that I've found that requires objective evidence. Now, getting back to Judge Barksdale's question on what does objective evidence mean, I believe that it means something akin to corroboration beyond the testimony of the two — of the two parents. However, in this case, there was evidence corroborating testimony or corroborating evidence beyond the two parents in the form of the two children testifying and our client's sister testifying. In addition, the appellees have tried to argue that objective evidence is some sort of credibility determination or that objective evidence means unbiased. It cannot be the case that — that testimony from a victim can never be sufficient to find a — a finding of grave risk, of harm to a child. This would be a — If your critical threshold position is there's legal error, which — because he number — he divides findings of fact and legal error. What paragraph in his legal findings is the one that's erroneous? Because the objective evidence, I think if I remember, he tucked it into fact findings. Correct. So where's the statement of law that's wrong in the portion that he says is legal findings? Well, the — he — he doesn't state that in — under the conclusions of law. He does not state that objective evidence is required. He states it under the section that's findings of fact. But — but when you read — Does he anywhere in there disavow the other circuits that say spousal abuse can lead to risk to a child? He doesn't in any way disavow it. So we're inferring these legal errors. Well, I think the — as to the objective evidence error, there is — what appellees have argued is that this somehow — that statement in the brief in paragraph 17 somehow means that it was un — that it was biased testimony and that that amounts to a credibility finding. There is no credibility finding in — in the findings of facts. Instead, what the judge says is you have each provided your conflicting testimony and there is no other objective evidence, so you haven't made — you haven't met your burden. I thought he made a finding of fact that I'm quoting my own notes, that — that he — that the father did not provide — I'm sorry. Your client did not provide any evidence that the father abused or neglected the child himself. So reading — reading from paragraph 17 — Isn't that a — isn't that what he — what he found? No. I would disagree with that — with that — with that characterization. What he says is Respondent's abuse — Respondent's allegations of abuse are in conflict with the Petitioner's testimony, Petitioner being the appellee. He then states what Petitioner testified and that — I'm sorry, that what our client testified and then what the appellee essentially denied those allegations. He then goes on to say that because neither side is able to provide objective evidence, Respondent's allegations of abuse fail to rise to the level of clear and convincing evidence of a grave risk of harm. This — this unknown objective evidence standard is where the error is. It cannot be the case that her testimony alone, because there is nothing else to go along with it, no other corroborating evidence, cannot be enough to find grave risk on its own. Testimony of a victim who was — who was mugged, no other witnesses around. It cannot be the case that a jury would not — or a fact-finder would not be able to find, quote-unquote, objective evidence to go along with that person's testimony. And we believe that that's what the judge required here. In addition, appellees have argued that objective means unbiased. Again, it cannot be the case that all testimony must be wholly unbiased in order to be found — in order to find a grave risk finding. It obviously follows that biased testimony could be incredible, but it does not follow that some semblance of bias amounts to all testimony being incredible. Back to the chase, and even assuming the district judge should not have used the word objective, how have you — how has your client shown by clear and convincing evidence, not a preponderance, clear and convincing evidence between preponderance and beyond a reasonable doubt that there's a grave risk of harm to this child? I think our client provided a great deal of testimony as to the abuse that she endured throughout the decade and a half that she was with appellee. In addition, her middle daughter testified to herself being attacked by their father in an incident that involved our client being attacked as well. The child himself at issue in this appeal has testified that he saw his father strike his mother. All of this, we believe, is sufficient to find a grave risk. But you got to show by clear and convincing evidence. And I would argue that it is a clear and convincing evidence of a grave risk of harm to the child. As they found in Walsh, as they found in Van de Sand, those other cases — The standard is evidence so clear, direct, and weighty and convincing as to enable a fact finder to come to a clear conviction without hesitancy of the truth of the precise facts of the case. How have you shown that? I think it's there in the record, but at a minimum, Your Honor, we think that the standards that the district judge issued in its findings and later in the order were improper. And it's something that could lead other courts to making similar improper holdings under these objective evidence standards or this idea that there must be actual physical abuse to the child in order to find a grave risk of harm. Of those cases you cite, which is the closest where the unconscionable abuse to the spouse necessarily implies violence to the child, even if the child has testimony that the child wants to spend time with the dad and plays with the dad and wants to split time with the parents? Which of the — which of the spousal violence cases is the most analogous to this case where the risk would have to extend to the child? I believe that the most analogous case is the Walsh case. Okay. If there are no further questions, Your Honor, I'll reserve my time for rebuttal. Yes. You've set your time for rebuttal. Thank you. Thank you. Ms. Anderson? May it please the Court, good afternoon. My name is Haley Anderson from Huntington Williams. I'm representing the appellee, Mr. Alantavarro Soto. Do you have any current information about the custody proceedings? No, we don't, Your Honor. Not about the custody proceedings specifically. We've received updates from the client, but we just know that he said he's filed for divorce. We don't know what the update is on how far those have gone. In this case, the district court affirmatively found that appellant failed to prove by clear and convincing evidence that there was a grave risk of harm to the child. We believe that the correct review of this is going to be clear error because that rests entirely on what is clearly a credibility finding by the court. But Rule 52 would require some specificity other than just announcing the legal standard, correct? We would have to vacate remand for the court to give us facts if the court didn't add anything and say because I find the woman not credible. We disagree, Your Honor. So if the district judge just says I don't think they met their burden, period, we would assess that for clear error? We believe that based on what the district court said, and I know the crux of this issue is paragraph 17 of the findings of fact and conclusions of law. Based on that, this Court is permitted to make implicit findings based on what the district court said as long as it's supported by both the evidence and the ruling that the district court made. So when we review this, we see the findings. What's the finding? Quote for me the finding in paragraph 17 that answers any of these questions such as I don't find that the spousal violence extends to the child, or I don't find this boy had any psychological injury that imply abuse. Is there any finding of any of those natures here? The paragraph 17 is a finding of that nature. Well, quote me the best finding that applies to the facts beyond the standard of law. Quote me what he found. The best finding that he administered is that there was no finding of abuse to the child, which is the more pertinent issue. I know we discussed earlier that there's also in the stay order that the Court did clarify, that he distinguished and said this evidence was brought. I considered all of it. And I find that there was no finding of physical abuse to the child nor grave risk of harm to the child. There's a distinction there where he acknowledges that there are times in which spousal abuse could be grave risk of harm to the child or absent physical abuse to the child. There can be grave risk of harm, but here there was not. What is the basis for your stating, if not implying, that we can look to this stay order to supplement his findings of fact and conclusions of law? On the question of keeping the child in America. Well, what we're doing here, Your Honor, is analyzing the record as a whole and looking at everything that the Court has given us, including anything that the district court would have said on the record, anything that the district court administered after, to look to see what the thought process was there and what it is that he's relying on. That wasn't my question. My question is what is your basis for saying we can do that? Other than we're looking at the entire record. I'm sure you are. But what, can you cite any case to us saying that you can supplement findings of fact and conclusions of law when they're challenged on appeal by looking at what a court says and denying a stay? We would point the court to Century Marine, a case out of this court in 1998 that did say that you can presume that there were findings made that were necessary if they do support the judgment and if they're supported by the evidence and we believe this is something that we can look to in order to do that. No, ma'am. Do you have a case where the court subsequent to its findings of fact and conclusions of law on the merits in a collateral matter such as denying a stay made a comment about how it looked at the evidence that we can look to that to supplement his findings and conclusions? No, subsequent to, no. Based on what we do have from the court, we can see very clearly if we look at Century Marine, exactly what the court was thinking. It's very clear this is an attempt to just muddy what are otherwise clear waters. The judge was trying to muddy what are otherwise clear waters? No, no. No, the appellant's argument is an attempt to muddy the judge's clear waters. I understood your comment, which really wasn't called for. I don't think he's trying to do anything but represent his client. I'm not trying to be offensive. My point is just that we've got we have a finding that shows that the court was looking, as Judge Higginson pointed out earlier, one side where Mr. Ontiveros is saying this never occurred, this abuse didn't ever occur at all, save for one incidence of a physical fight, and then appellant on the other side is giving a long series of history of alleged abuse. That's what I read the trial record to show, but then you get to paragraph 17, and there's almost he doesn't even say, I find her to be not credible. He cites the legal standard. I understand. And then contained in that same paragraph is this very odd term, objective. I'm not sure what he meant by that or what type of evidence he wanted to see. Based on what there are cases that have made this analysis, they usually don't use the word objective, but they do say independent evidence, and those are found in district court cases within the Fifth Circuit. And the types of objective evidence that we look at typically are things like photographs, recordings. Exhibit evidence, demonstrative evidence. Certainly. Expert testimony. Here we just have witness testimony, which can be objective or less objective. There's no problem with receiving it that way. Absolutely. Okay. So where does that get his order? Was he implying she wasn't objective, but he was? It appears from paragraph 17 that he's actually finding that he doesn't know that anybody's credible sufficiently to make up for this lack of objective evidence. Because he says we've got one side and another that are in conflict and then absent any objective evidence from either party, I don't know who's telling the truth, and that means that then the clear and convincing evidence burden has not been met. Next slide, please. The attempt to separate the objective evidence and the credibility evidence or credibility finding, the problem is that those two are not synonymous, objectivity and credibility, but they're not mutually exclusive either. So the reading is that we've got someone who needs objective evidence, something that lacks bias, something to overcome what is otherwise a witness that lacks credibility implicitly. And I know that we had some discussion of the Walsh case in particular, and that's a case in the First Circuit. And it was cited later again in another case by the First Circuit, Malvis, wherein the Court distinguished Walsh from that case by saying the difference here is that we don't have a finding, an affirmative finding that these things occurred. So to make an analysis of whether spousal abuse constitutes grave risk of harm to a child or the way in which it might constitute grave risk of harm to a child is going to be resting primarily and necessarily on whether that spousal abuse first even occurred, as alleged. Here, absent a finding that it did occur, appellant has failed to meet her burden to prove by clear and convincing evidence that there was grave risk of harm to the child. How do you explain the wife's testimony at the trial that the husband had never abused any of the children? The daughter said he had, when she had taken up for the mother for want of a better description, he had thrown her against a railing. But how do you describe her testimony at trial that he had never abused any of the children, as pointed out by the appellant, by you? Yes. We would explain it in saying this is one of many inconsistencies that we see. Throughout the record, when we look at all of the appellant's evidence, we're looking at a series of things that even one individual witness, her own testimony has inconsistencies within. It's impossible to say that everything she said is true because there are so many different things that are mutually exclusive. And we would argue that's exactly the same thing that happened here. I believe she answered the question, and it's plausible in light of the record that what the district court believed that to be is some kind of inconsistency, one of several. Here, the only question is before this court whether there was clear error committed in this finding by the trial court that there was not clear and convincing evidence of spousal abuse in the first place, and certainly not sufficient enough to meet the high standard for grave risk of harm to a child. Because the question is grave risk of harm to the child, and there is no spousal abuse exception to this rule, what we're looking at is how that spousal abuse affected the child in question. And then the court ruled that there was no objective evidence of abuse to the child. There was no evidence whatsoever of abuse to the child, including psychological harm. So what we're looking at here is a court that correctly applied the correct standard, and when it applied it, it found that because it was unable to make an affirmative determination about the existence of this abuse, there was not clear and convincing evidence that this child would suffer a grave risk of harm if Absent any other questions from the Court, I'm happy to relinquish my remaining time. Thank you, Ms. Anderson. Thank you, Justice Sotomayor. Thank you, Your Honors. Just a few quick clarifying points. I want to make sure that I'm making it clear that we think that the error here is obviously that the Court reached its conclusion that our client did not meet its burden. However, it's how the Court got to the conclusion that appeared as the problem. It got there because it required this idea that there had to be something besides just the testimony of the two parents. That's wrong because, first of all, it's not true. There was more than just the testimony of the two parents. And second of all, even if there weren't other testimony or other evidence, it should not be the case that the testimony of a single of the two parents cannot lead to a finding of grave harm. The other way that the district court got to the wrong legal conclusion was in this being unduly influenced by this notion that without the more pertinent issue of physical abuse to the child being present, without more than that, as was stated in the order denying the stay, that there cannot be a finding of grave risk. At a minimum, I think it needs to be made clear that that can happen, as other circuits have held, that when you have a sustained pattern of domestic violence and or a propensity to violence from one spouse to another, that that can lead to a finding of grave risk. How do you explain the wife at the hearing, the trial, testifying that the husband had never abused the children? I believe she testified later that he did assault their middle daughter. I would say that all of this testimony is being done through a translator, and I think when you read the transcript as a whole, it's apparent that there were difficulties with that translator at times, with the translations at times. If there are no further questions. Is that against your case being proved by clear and convincing evidence? I mean, there may have been a problem with the translator. We can't cure that. And if that were the case, the findings of fact and conclusions of law should have stated so, should have stated that you haven't met your burden because the evidence as presented through a translator wasn't credible or whatever the issue may be. But instead, what the findings of fact tell us is that our client failed to provide objective evidence, and that is not a standard that anyone should be required to meet. If there are no further questions, Your Honor, I'll close. Thank you, Mr. Galostin. Thank you. Your case is under submission. Next case, Littell v. Houston.